44 N.J. Super. 586 (1957)
131 A.2d 316
ARCO WELDING & MACHINE WORKS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
TERRY CONTRACTING INC., A NEW YORK CORPORATION, DEFENDANT. ARCO WELDING & MACHINE WORKS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
TERRY CONTRACTING INC., A NEW YORK CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 22, 1957.
*587 Messrs. Gardner & Williams (Mr. Walter F. Hoffman, appearing), attorneys for plaintiff.
Messrs. Fast & Fast (Mr. Herman L. Fast, appearing), attorneys for defendant.
MASUCCI, J.C.C. (temporarily assigned).
Both of the above suits involve the same cause of action. The defendant *588 moves to set aside the service of summons and complaint in each.
In the first suit service was made on January 18, 1957, by leaving a copy of the summons and complaint at the registered office of Terry Contracting Inc., 24 Commerce Street, Newark, New Jersey with Della Levin, who, it is claimed, was the person in charge. Admittedly, the registered agent of the defendant company was Harry Levin, who died September 23, 1956.
The defendant company is a New York corporation, which had been duly authorized to do business in New Jersey. However, at the time of the service in question, the defendant company had not appointed any registered agent in place of Harry Levin and had no other designated registered agent.
N.J.S.A. 14:4-5 provides that:
"When the principal office of a * * * foreign corporation authorized to transact business in this state shall be changed, * * * or when the agent shall die * * *, the board of directors shall forthwith file in the office of the secretary of state a certificate, under the seal of the corporation and the hand of its president or secretary, setting forth * * * the name of the new agent upon whom process may be served."
It then provides for a penalty or revocation of authority to do business upon failure to comply with the statutory requirements within 30 days after a change of office or death of the registered agent.
There is no provision permitting the service to be made on a person other than the designated registered agent. In the instant case there was no registered agent at the time of service. The death of Mr. Levin revoked his agency relationship with the defendant company for the purpose of service of process. The service was, therefore, void and will be set aside and vacated.
The plaintiff, probably anticipating that the service would be vacated, instituted a second suit, although this was not necessary because new service might have been made in the original suit. This time service was made upon the Secretary of State of New Jersey.
*589 The plaintiff now invokes N.J.S. 2A:15-26 to sustain the service. The facts and circumstances, except for the service of the summons and complaint, are the same as stated in the first suit.
The cited section of the Corporation Act provides that service upon a foreign corporation authorized to do business in this State may be effected by serving the Secretary of State, when the agent designated for service of process has died or otherwise become disqualified, or has removed from the State, or cannot with due diligence be found herein.
The defendant again moved to set aside and vacate the service.
The defendant company submitted itself to the jurisdiction of the courts of this State by applying for and receiving authority to do business in this State. As a condition of the authority to do business in this State, it maintained a principal office in this State with an agent in charge upon whom process could be served. It also submitted itself to the provisions of the statute which require that if a registered agent of the corporation or the defendant company cannot be otherwise served, service can be effected by serving the Secretary of State as was done in this case. The defendant company at no time released itself of liability for service of process under the provisions of the cited statute, nor did it revoke its own written authority, as it could have done readily under other sections of the Corporation Act. Therefore, the authority to be bound by the service as provided by the statute continued and was in full force and effect at the time when service was made in the instant case.
I feel that the statutory provision as well as the defendant company's designated authority are effective even though the defendant company had ceased doing business in New Jersey and the contract sued upon was entered into in New York. The fact remains that the defendant company had not withdrawn the certificate which authorized it to do business in New Jersey, nor had this State cancelled the authority. Therefore, the authority still existed and the defendant *590 company could have recommenced business at any time it saw fit.
But assuming that such service could only be sustained if the contract was entered into within this State, I feel under the admitted circumstances in this case that the transaction sued upon did not become a binding contract until it was accepted by the plaintiff in accordance with the provision inserted by plaintiff company. The contract was forwarded by the defendant company to the plaintiff at its office in Jersey City, and there the contract was accepted, signed by the plaintiff company and mailed to the defendant company. The execution of the contract was completed and came into being in New Jersey.
This cause of action not only made it a New Jersey contract but it also constituted a doing of business in New Jersey.
For the reasons stated the motion to vacate the service made through the Secretary of State is denied.